IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN AND MORTGAGE CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>RONALD D. WHITESEL and THERESA J. TAYLOR,<br><br>    Defendants.<br>                                                                / | No. C 11-03737 WHA<br><br>**ORDER REMANDING ACTION** |

     Plaintiff filed this unlawful detainer action in March 2011, in the Superior Court for the State of California in and for the County of Lake (Dkt. No. 1 at 5). In July 2011, defendants removed the action to this district court, citing federal-question jurisdiction as the supposed basis for removal (Dkt. No. 1 at 2–3). In October 2011, defendants failed to oppose plaintiff's motion to remand the action and thereafter were ordered to show cause why this action should not be remanded for lack of jurisdiction. Defendants were warned that if they did not file a response or if their response failed to establish jurisdiction, then the action might be remanded to the court from which it was removed (Dkt. No. 16). The deadline for filing a response was November 1; no filing was made. Defendants also failed to appear at the November 3 initial case management conference.

     "[T]he defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Here, defendants' notice of removal asserted

federal-question jurisdiction under two theories. Neither was valid. *First*, the removal notice stated that "[t]he complaint presents federal questions." It did not, however, elaborate on this theory or identify any such issue (Dkt. No. 1 at 2). The complaint asserted only one cause of action — unlawful detainer. As such, it "presents no federal question." *Fort Mojave Tribe v. Lafollete*, 478 F.2d 1016, 1018 n.3 (9th Cir. 1973). *Second*, the removal notice asserted that "[f]ederal question jurisdiction exists because Defendants' demurrer, a pleading, Depend [*sic*] on the determination of Defendants' rights and the Planiff's [*sic*] duties under federal law" (Dkt. No. 1 at 3). Federal question jurisdiction may arise only from the face of the complaint, not from any responsive pleading. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, the demurrer cannot establish federal-question jurisdiction.

Although this action was removed on the supposed basis of federal-question jurisdiction, defendants have not met their burden of showing that federal-question jurisdiction exists. Defendants also have not established diversity jurisdiction, because the amount-in-controversy requirement is not met (*see* Dkt. No. 1 at 5). *See* 28 U.S.C. 1332(a). Because defendants have failed to establish federal jurisdiction, this action is **REMANDED** to the state court in which it was filed. The Clerk **SHALL FORWARD THE FILE** to the Superior Court for the State of California in and for the County of Lake

**IT IS SO ORDERED.**

Dated: November 3, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2